Good morning. May it please the court, Sam Kaufman on behalf of Mr. Davenport. The district court in this case granted a certificate of appealability on a number of issues, including the effective assistance of counsel claims that Mr. Davenport made. Counsel, I can't hear you. Counsel, I can't hear you. Please speak more clearly into the microphone. Sorry, Your Honor. I'll speak more clearly. Just pull that microphone up a bit because you're tall. There you go. Okay. So the district court granted a certificate of appealability on three issues, including the ineffective assistance of counsel claims that Mr. Davenport made. While we believe that the claims, the ineffective assistance of counsel claims, were adequately raised in the state court, we have to acknowledge that the record in the state post-conviction court is not as we would like it to be. So that being said, I am happy to answer any questions that the court has regarding any of these issues. Well, it's pretty well briefed and, of course, we have to look at the post-conviction court. Do you have any questions, Judge Hall? No, I don't have any questions. No. Thank you, Your Honor. Thank you. May it please the Court, I just want to make three fairly brief comments about this case. First of all, the claim before this Court is that Petitioner was improperly advised before entering into a guilty plea. That particular claim, in our opinion, is procedurally defaulted because it was not the claim that was presented to the state post-conviction court. And if it's not procedurally defaulted, then what's your argument? Our argument on the merits is that the Petitioner was evaluated by two psychologists while he was in prison. He discussed self-defense with his counsel, and that on the merits there simply is nothing in this record to suggest that his counsel didn't meet with him, didn't discuss these defenses with him, and that he was not aware of them at the time he pleaded guilty. And then, finally, on the issue of prejudice, there is simply nothing in this record from the Petitioner indicating that had he been aware of these defenses or known more about them, he would not have pleaded guilty and would have taken his case to trial. And the witnesses that he's charged with not having investigated, had they been investigated, would they have presented duplicative information? The State court found that there was nothing in the record that would support either of the defenses that he was claiming the court should have raised. And my recollection, although that investigation claim isn't before this Court, was that Petitioner's deposition testimony was to the effect that he really couldn't come up with any witness who his counsel should have talked to who would have known more about this than that could have assisted him. And unless the Court has further questions, we'll simply rest on our breaks. It appears not. No. Do you have anything further, Mr. Fisher? Thank you. Thank you. The case just argued, Davenport v. Bollett, is submitted. Our next case for argument is Wilderness Society v. Ray. Thank you.
judges: Hall, Thompson, McKeown